UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANN D. KIMBERLIN** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE:** |
| **ADVANTAGE MEDICAL PROFESSIONALS LLC** | **MAGISTRATE JUDGE:** |

## COMPLAINT

The Complaint of ANN D. KIMBERLIN, a resident of the full age of majority of St. Tammany Parish, Louisiana, respectfully represents:

1.

Jurisdiction is founded herein pursuant to 28 U.S.C.§1331 (federal question) and 28 U.S.C. §1367. Venue is proper within the Eastern District as the majority of the incidents sued upon herein occurred within this judicial district.

2.

Made defendant herein is:

ADVANTAGE MEDICAL PROFESSIONALS LLC, a foreign limited liability company doing business in Louisiana (including in Jefferson Parish), whose registered agent for service of process is National Registered Agents, Inc.; 3867 Plaza Tower Drive; Baton Rouge, LA 70816.

3.

This lawsuit is brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 *et seq*.

4.

Defendant is a healthcare staffing agency. It operates several offices in Louisiana and Texas and provides staffing services in several states. Upon information and belief, Defendant employs over 500 employees.

5.

On or about March 29, 2013, Complainant began working for Advantage Medical Professionals LLC at its office located in Metairie, LA. Complainant's title was Staffing Coordinator.

6.

At all times pertinent hereto, Complainant was an "employee" of Defendant within the meaning and intent of federal law. At all times pertinent hereto, Defendant was the "employer" of Complainant within the meaning and intent of federal law, and employed greater than 500 employees.

7.

At the time Complainant was hired, she had skin cancer. Her treatment plan included chemotherapy and radiation. Complainant was substantially limited in several major life activities, including but not limited to normal cell growth, skin function, and sleeping. Defendant knew of Complainant's cancer and treatment plan when she was hired. Still today, Complainant has skin cancer. Complainant has a "disability" within the meaning and intent of the ADA.

8.

Because of her disability, on occasion, Complainant had to come to work late, leave early, or miss the workday. At all times, Complainant was capable of performing the essential functions of her job.

9.

Complainant began to experience harassment and intimidation on account of her disability. Some time in 2015, Joe Spitales, company president, asked Complainant how much longer he would have to deal with Complainant constantly being sick. In December 2015, when Complainant returned to work after an absence, Ethel Drury, a co-employee, screamed at her and said: "You don't really have cancer. You are just using this company."

10.

In January 2016, following the incident with Ethel Drury, Complainant reported the unlawful harassment to her supervisor. Complainant was never informed whether any corrective action was taken.

11.

Also in January 2016, Complainant requested a reasonable accommodation. She asked for a modified work schedule. Her request was denied. Two years prior, Complainant had also asked for the reasonable accommodation of changing office locations, but that had also been denied.

12.

In February 2016, very soon after her complaint and request for reasonable accommodation, Complainant was summoned by Anna Martin, Human Resources Director. Ms. Martin laid out the following to Complainant: apply for FMLA leave or apply for long-term disability, and if Complainant did neither, Defendant would begin giving her write-ups with intent to terminate for any absences. Complainant again asked for the reasonable accommodation of a modified work schedule, but this request was denied.

13.

Because of the unlawful harassment, threat of termination if Complainant did not file for FMLA or long-term disability, and Defendant's denial of Complainant's reasonable accommodation requests, Complainant had no choice but to resign her employment on or about February 4, 2016.

14.

There were several instances of non-disabled employees who missed work or were tardy but were not disciplined or terminated.

15.

Complainant was harassed on account of her disability. When Complainant requested reasonable accommodations, Defendant failed to engage in the interactive process and failed to provide Complainant with reasonable accommodations. Finally, Complainant was terminated because of her disability and in retaliation for asserting her rights under the ADA.

16.

Defendant did not have in full force and effect an effective policy regarding disability discrimination, harassment, and retaliation in the workplace. Defendant failed to train its employees regarding employment discrimination, harassment, and retaliation.

17.

By the conduct described above, Defendant acted with malice and reckless indifference to the federally protected rights of Complainant. Thus, Complainant is entitled to an award of punitive damages.

18.

On or about June 30, 2016, Complainant submitted a completed Intake Questionnaire. Complainant signed and dated the EEOC form "Charge of Discrimination" on or about October 12,

2017.  Complainant received a Notice of Right to Sue dated October 26, 2017.

19.

Complainant timely filed a charge with the Equal Employment Opportunity Commission. This lawsuit is being filed within 90 days of her receipt of the Dismissal and Notice of Rights.  All federal administrative conditions precedent to the institution of this lawsuit have been fulfilled.

20.

As a result of the incidents sued upon herein, Complainant is entitled to and seeks all damages described herein, including without limitation:

a) Compensatory damages, including for severe emotional and mental anguish, anxiety, depression, humiliation, embarrassment and loss of enjoyment of life;

b) Past and future medical expenses;

c) Past and future lost wages and benefits;

d) Punitive damages; and

e) All costs and attorney's fees incurred in the prosecution of this matter.

21.

Complainant is entitled to and requests a trial by jury.

WHEREFORE, Complainant, Ann D. Kimberlin, prays that after all legal delays and due proceedings are had, that judgment be rendered in Complainant's favor and against Defendant ADVANTAGE MEDICAL PROFESSIONALS LLC for all such damages, including punitive damages, as are reasonable under the premises, attorney's fees, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief to which Complainant is entitled at law or in equity.

RESPECTFULLY SUBMITTED:

**WILLIAMSON, FONTENOT, CAMPBELL & WHITTINGTON, LLC**


/s/Robert L. Campbell
**Robert L. Campbell**
**Bar Roll No. 27986**
955 McClung Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383.4010

*Attorney for Plaintiff*